In re Iconix International, Iconix International Inc. versus Neil Cole, 24-1433. I see there's been some musical chairs, people switching. Doesn't happen very often where you get to sit on both sides of the courtroom in the same day. And we have Attorney Gunther. And I understand you'd like to reserve two minutes for rebuttal. Please, Your Honor. Good afternoon, Your Honors. May it please the court. Christopher Gunther on behalf of Petitioner Iconix. Your Honors, federal insurance was a case in which this court dealt with the quintessential bad corporate citizen. They get a whistleblower letter, they bury it. They have to enter into a deferred prosecution agreement in which a conspiracy charge is filed against the company, alleging it was a co-conspirator, in which a statement of responsibility was signed by the company, saying it was responsible for the defendant's criminal conduct. And then they pay half a billion dollars as part of that deal with the government, including criminal penalties. Where the court below went wrong is taking federal insurance as if it was a broad-brush legal rule that any company, no matter how good a corporate citizen, is forbidden from getting restitution simply because of the breadth of respondeat superiority. But Judge Lynch, in writing federal insurance, didn't go through a checklist of what it takes to make a good corporate citizen and decide that good corporate citizens can't be victims or can be victims. I mean, it's a consideration in terms of policy preferences and what kind of behavior incentivizing, but good corporate citizenship also involves running a tight ship ahead of time and not allowing misbehavior such as was alleged here and proven to occur. So, you know, we investigated what it means to be a victim and came up with an understanding about respondeat superior and the scope of employment and benefit that, you know, sets up a slightly different regime in terms of what it means to be a victim under the various statutes. And I would point out here also that my understanding is that there was a final judgment entered by the SEC as to iconics in which a settlement was paid. And that suggests that, you know, maybe all was not perfect in iconics. So I'm not sure that victimhood turns on whether one's a good corporate citizen or not a good corporate citizen. So what's wrong in my exposition? To the SEC point specifically, there was no admission of liability, which is the exact opposite of what SAIC did, which was an admission of responsibility and liability. It's not exactly the exact opposite. I mean, there were charges brought, correct? And there was a payment made, correct? By the SEC, but never by the United States Attorney. They was never charged criminally. There was no criminal charge against iconics. They were never accused of criminal conduct or responsibility and they never admitted to it. So that, in those respects, it's the precise opposite of what SAIC. You're the one who's introducing the notion of good corporate citizenship as equivalent to qualifying as a victim. I'm just trying to distinguish. I think my adversary's whole argument turns on, this case was controlled and as the district court ruled below, this case is controlled by federal insurance. And my point is only, federal insurance was dealing with a very different set of circumstances where it was the quintessential bad corporate actor. So what in your view is the test that we outlined in that case? Is there, in your view, a set of fixed criteria or is it sort of a totality of the circumstances consideration that, but if that's true, what is, in your view, the test to be established there? The test, I think, is in the second paragraph of the operative part of the opinion that's entitled, Merits of the Petition, where the court said, upon review of the record, we conclude that the district court did not abuse its discretion when it determined that SAIC was sufficiently implicated in Bell's overall conduct to render it a ward of restitution to SAIC. So you think that's the test? The question is. If you are sufficiently implicated, you're not a victim. And if you are not sufficiently, if you are sufficiently implicated, you're not a victim. And if you're not sufficiently implicated, you are. Correct. I think, and they didn't get more precise than to say. Sufficiently implicated. Where does that come from? Well, I'm reading from the opinion. No, no, no. Where would that be derived in the statute, sufficiently implicated? Well, I think what the court was doing was dealing with the idea of this court's decision in Riefler said, if you're a co-conspirator, you can't be a victim. And so they were, and that's the starting point of the analysis. Well, how close was SAIC's case to a Riefler situation where you disqualified for being a co-conspirator? So why would you have to be close? Why wouldn't you have to be a co-conspirator then? Well, I think the court was saying, I think the court was trying to, was struggling with the idea of now you have a company, SAIC, who really acted badly to the point where they were charged with being a conspirator and executed a statement of responsibility. Well, how did we need to go as far as saying, rather, federal law generally imposes liability in a corporation for the criminal acts of its agents taken on behalf of the corporation and within the scope of the agent's authority? Be the principle of responding at the superior or why even go there then? Well, I think because in paragraph six and seven of that same section of the opinion are tied together. The court in paragraph six articulated what SAIC, what federal insurance was arguing as to why they had one last technical argument. They said, even though we're very close to being a conspirator, even though we were charged with being a conspirator, even though we signed a statement of responsibility, there's this concept in civil law that says you have an intracorporate conspiracy doctrine which says a company can't be a conspirator with its employee. And the court- Just going back to Judge Carney's question, I mean, it is true that there is such a thing as corporate criminal liability, right? Yes. And it's governed by responding at superior, right? Yes. So if you have a sufficiently high-ranking officer of the corporation that engages in criminal conduct within the scope of their employment for the benefit of their employer, then the company can be prosecuted too, right? And I don't even think it has to be that high. I mean, it's the breadth of corporate- I mean, it's not the janitor, but- Yeah, and I think our point is responding at superior is such a broad concept and has such a broad reach, it shouldn't be applied as the test here for whether- But you can criminally prosecute the company for that. You're saying that it's fine, it would have been fine to criminally prosecute a company based on responding at superior, but it would not be enough to bar them from recovering as a victim? That seems the opposite, that you can drop a nuclear bomb on the company, but you can't tell them you're gonna give them a cookie. I mean- But the practicalities are, when a company does everything right and hands the government the case, which is what happened-  I thought that was the- Or at least- Well, hang on. It is sort of hard to say they did everything right when, charitably speaking, they were completely asleep at the switch and let a purported crime happen, right? Let me rephrase it. When the board got indications of what had happened here, they did the right things. Within 48 hours- You're speaking of the board, but a corporation doesn't act usually through its board, it acts through its officers. And here you have the top officer engaged in a scheme that would defraud the shareholders, and he was making trouble for the corporation, for the SEC. I agree, what happened was not good for the corporation, but the technical terms of responding at superior seem to be met. I would not dispute that the technical terms of responding at superior may- And if that is so, why is it an abuse of discretion for the district court? And that's the standard here. Why is it an abuse of discretion for the court to rely on that to make its ruling? Because the court should consider the whole record and make a determination of whether it's fair whether the company was sufficiently implicated in the underlying conduct. The more you're talking, the more it sounds like an issue of discretion and an interpretation of facts to which we owe real deference to the district judge. But that would create a rule in which, unless the company is the victim of embezzlement, which is about the only time responding at superior doesn't apply, the company could never get restitution for its costs in bringing to the government and cooperating with the government and assisting the government- Why isn't that a cost of just doing business? I mean, that being a good corporate citizen. But I- So should the guy. I mean, the question is not whether there's any chance of ever recovering. I don't know, there could be all sorts of civil remedies. I think the only question is whether under this particular remedy that is created by statute, whether it's covered, right? But I think it's a question of statutory interpretation here, whether you're gonna interpret the restitution statutes to exclude a company just on the basis of responding at superior alone. I thought you were saying that the district court made an error of law.  In reading federal insurance to preclude considering Iconics as a victim. And that means that it abused its discretion then because it was applying the wrong legal standards. You're contesting that reading federal insurance. Yes. Is that right? Correct you. So can I just ask you, we've kept you up past your time, but I have a question. I think I know the answer. I think it was in the briefs. And I don't wanna in any way suggest that we have a view at all on the previous case. But understanding that these two cases are both out there and they're related, is it my understanding that if for some reason the court were to rule in favor of Mr. Cole on the preceding case that was just argued, they get his conviction, that this case that we're talking about right now would become moot? Yeah, the restitution is based on a conviction, so it would fall the conviction. Good, I mean, that's what it would appear to be, but I just wanted to make sure I'm not missing anything. Okay, thank you. We will hear you again for two minutes of rebuttal. Thank you. I wanna hear from Mr. O'Neill for the appellee. And maybe Mr. O'Neill, you can just confirm what I think to be that obvious proposition. Again, without suggesting that the panel hasn't even discussed anything, we have no idea what we're gonna rule, but is that in fact the case that if you, Mr. Cole were to prevail on the case involving his criminal case, that the dispute over Iconix being a victim would be mooted out? Is that right? Yes, Your Honor, that's our position. That's fine. Please proceed, though, as to the argument. Thank you. Good afternoon, and may it please the Court. My name is Dan O'Neill, and I represent Neil Cole as a respondent in this mandamus proceeding. This Court should reject the mandamus petition, and it is significant that as counsel for Iconix just conceded, they don't dispute that the elements of respondeat superior were met, and that both elements were met. That is enough to deny restitution. That is enough to deny restitution, even if this Court had never considered federal insurance, but after federal insurance, it's unambiguously clear. What if we read federal insurance differently, though, to take into account some of the other facts? I mean, there's a lot of discussions, a lengthy number of paragraphs discussing how to handle a restitution claim, and whether a corporation is a victim, and there were broader statements made about the culpability of the co-conspirators and the company there in failing to identify the kickback scheme and so on. Why shouldn't we give it a narrower reading? I mean, there were a lot of different formulations that were presented, and this is, the award of restitution seems pretty discretionary, quintessentially, and the definition of victim in different contexts, because there's so many, the Mandatory Victim Restitution Act, and we're in the restitution discretionary area, kind of more removed and distant from the statutes. So why wouldn't you just say that this is a matter of discretion for the District Court, there's some flexibility, and we're just gonna leave this to the District Court's discretion? Sure, Your Honor, I think it is a matter of discretion for the District Court, but the way federal insurance proceeds is that there's a long discussion of the facts that go to co-conspirator liability, and then the Court says, but it's odd to call a company a co-conspirator of their officer, because companies operate through their employees. So then the Court shifts and says, respondeat superior, and that's enough. Except that there was something more, wasn't there? I mean, it does, the language that your colleague on the other side pointed to was part of the discussion about the level of culpability of all the red flags that were flying about these, a kickback scheme that went on for an extended period of time, and so on. So it seemed to me it was looking as a whole, and it was really very clear that it was looking at this as a kind of abuse of discretion matter overall, rather than kind of pronouncing a new statement of the law. You think that's not fair reading? No, it is a fair reading, Your Honor. In the first part, the Court was talking about how the company was complicit, how it was willfully blind, but then in the second part, when it turns to respondeat superior, it says the District Court did not need to find that SAIC was willfully blind, let alone affirmatively complicit, in order to hold it responsible. It says respondeat superior is enough, as long as the two elements are met. The employee was acting within the scope of employment, and the employee was acting for the company's benefit. The Court says, that's enough, that's at page 369. And here the District Court understood that that's what it was to do. It could look at respondeat superior, and that was enough. The Court made the two findings that are set forth in federal jurisdiction. Was the Court disabled from finding, because of the scope and benefit analysis, was it disabled from finding that there were circumstances here that were unusual and that made a restitution appropriate? The Court was not disabled, and there's no indication the Court thought it was disabled. The Court... I actually read that differently. I thought it said, listen, under respondeat superior applies, therefore the corporation's not a victim, and I can't award restitution. Is that correct? Respectfully, Your Honor, I don't think the Court said it was bound by that. It recounted the facts and holdings of some District Court cases in federal insurance. So this is the approach Judge Rakoff followed in Petit, and the Court will follow that approach here. It didn't say it was bound to deny restitution because of federal insurance. But I think what it was following was the reading of what a victim was, where the scope and benefit test was met. Correct, correct. I think federal insurance says... And therefore, if you're not a victim, then you can't award restitution. Well, federal insurance says a District Court acts within its discretion to deny restitution on the basis of respondeat superior, and that's what the District Court was doing. So the District Court here, do you think, knew it had the authority to award restitution and just chose not to? Well, I think the District Court considered all the facts and the briefing went well beyond respondeat superior, but the District Court considered all the facts and in its discretion determined that Iconics was not a victim. If I could address one other point, which is my adversary's position that victimhood turns on whether the company is a good corporate citizen finds no support in federal insurance and no support in any other authority that we're aware of. The definition of victim in the restitution statutes and the mandatory one in the VWPA and others is all about a company or a person or an entity being directly and proximately harmed. It doesn't focus on these after-the-fact acts. Yeah, so just looking at the District Court opinion, he writes, co-acted within the scope of his employment as CEO of Iconics and the scheme benefited the company by inflating its share price. Because Iconics is not a victim, the court need not reach the subsequent question of whether the expenses it submitted are eligible for restitution. It says Iconics' willful blindness or complicity are beside the point, as are any of its efforts to read out misconduct. I read that as saying, I read federal insurance, the District Court reads it, as finding that if you are acting, if an individual acted within the scope of his employment and the scheme benefited the company, end of story. The company can't be a victim. Respectfully, Your Honor, I read it as the District Court saying, I have the discretion to find that, to rest my decision on those factors because that's what federal insurance said. It said the company's willful blindness and complicity are beside the point. It says, I read federal insurance as saying, it held that companies were not victims of their employees' crimes when the employee acted within the scope and the scheme benefited the company, regardless of whether or not the company incentivized or was otherwise complicit. So you have a different reading. Okay, thank you. But regardless, the second point is that the facts that Iconics is pointing to as supporting its victimhood are irrelevant facts. They would not transform it into a victim because of what steps it took after the offense conduct. The focus has to be on the offense conduct. Just one final point, I think, is that I think it's very telling that the government is not, the government is not here. The government carries the flag for victims in every restitution proceeding. So the PSR did provide that restitution was owed. The PSR did. The government, the U.S. Attorney's Office, did not take a position one way or the other other than to say it was within the court's discretion to impose it if it wanted to as a discretionary condition of supervised release. Okay, so they didn't see Iconics as disqualified from obtaining restitution, or we can't really tell. I think the government did not take a position one way or the other. Okay, thank you. There are no further questions. We'll rest on our briefs. Thank you. Okay, thank you. Mr. Gunther, you have reserved two minutes for rebuttal. If there are any points that you would like to respond to in your adversary's argument. Just, Your Honor, that the district court below did not do an exercise of discretion. It didn't say, I've looked at all the circumstances here and I'm making a discretionary judgment that Iconics is unworthy or it made a legal ruling, as Judge Carney, I think, was pointing out about whether it was a victim or not. Well, why shouldn't we assume that Judge Ramos, who has surely granted and denied restitution many, many times, knows that the nature of his decision at bottom is a matter of discretion? I don't think he knew it in this case because in this case, he read federal insurance and read it wrong and thought it was a blanket rule that prevented- He thought federal insurance withdrew from him the power of discretion that he exercises in every case month in and month out. I think that's the way he took it. I think that's the way, in the last page of his opinion, he says everything that Iconics is raising is beside the point because it's not a victim under federal insurance. And I think that importing the idea, which is so broad, of respondeat superior to knock out a corporate victim, regardless of the circumstances, regardless of how much the company does to try and right the wrong and bring the prosecution the information it needs to get justice, which was against Iconics' interest because- As your adversary points out, it is only prudent for the corporation to turn itself in when it finds out that one of its officers has been committing what may be crimes. So it's not as though you, it's a moral act. It's a very shrewd, necessary, proper business act. But we know, I agree, Your Honor, but we know that companies often make the wrong decision. SAIC made the wrong decision. Iconics made the right decision. And all we're asking is for that, those circumstances to be part of the discretionary judgment of the district. Can I just ask you to go back? Because we really have to go back to the statute, right? Either Congress has authorized this or not. And perhaps they've authorized it with a measure of discretion on the part of the district court in closed cases. But we have to go back to the statute, right? Because that's where the authority to do this flows from in the first place. Authority to pay restitution is for victims of the offense. Now, at a certain point, the offense stops, right? An offense happens over a fixed period of time. Maybe a moment in time, maybe over five years. But there's sort of a before, during, and after. It seems to me that all the good acts that you're pointing to on the part of Iconics are after the offense is over, right? Of trying to clean it up and report to the government that this happened or to help them investigate what happened. How should sort of remedial measures be factored into what is a different question? Not just whether Iconics is sort of an icon of corporate goodness, but into whether it was a quote, victim of the offense. It seems to me that somebody is either a victim of an offense when the offense happens, regardless of whether they act well or poorly after the offense, right? That's why I don't even understand this whole idea of whether being a good corporate citizen later somehow makes you more or less of a victim of the offense. Here's why I think it does, Your Honor. The victim is defined as anyone harmed by the defendant's offense of conviction. Yeah, by the offense. And here, when the company in doing the right thing is cooperating with the government, is suffering a harm and seeking compensation for a harm that's specifically in the restitution statute says is available. My point is that the harm either happened or it didn't. Whether they behaved nicely or poorly afterwards in trying to help the government remediate other people's harms, how does it change whether they've been harmed from the offense? Because the restitution we're seeking and the harm we suffered is the cost of assisting in the- It was the discovery of the offense, not the offense. The company benefited from the offense in that its share price went up. But when it was found, then it started having to pay bills. But that's the harm and that's the specific statutorily authorized restitution is- And I suppose you would say that there would be somebody if they were the victim of an assault and then later they're gonna have medical bills and they're gonna have legal bills to represent them as a victim in the court proceedings. Are those legal bills covered under the- Yes, because I think they would be sought under the same provision of the restitution statute that we're seeking relief, which is our costs relating to our participation in the investigation and prosecution of coal. They flow approximately from the commission. Yes, yes. All right. I don't think there are any other questions, so thank you very much. Thank you. We'll take the case under advisement. Thank you to both sides. Very helpful.